UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-21158-CR-JORDAN/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOEL STEINGER, et al.,
    Defendants.
_____/

# ORDER

THIS MATTER came before the Court on the Defendant McNerney's[1] Motion to Dismiss and/or Strike Allegations of "Concealment" in the Indictment, and Memorandum of Law (DE# 268, 1/21/10). Having reviewed the applicable filings and law and having held a hearing on September 26, 2011, it is

ORDERED AND ADJUDGED that the Defendant McNerney's Motion to Dismiss and/or Strike Allegations of "Concealment" in the Indictment, and Memorandum of Law (DE# 268, 1/21/10) is **DENIED**.[2] In Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308, 1313 (11th Cir. 2000), the Eleventh Circuit noted that "[d]eterminations as to

---

[1] The moving defendant Michael McNerney pled guilty on May 18, 2011. Co-defendants Anthony Livoti, Jr., Steven Steiner and Joel Steinger joined in the instant motion. See Defendant Livoti's Notice of Joinder in Defendant McNerney's Motion to Strike and/or Dismiss All Allegations of "Concealment" in the Indictment, and Memorandum of Law [DE 268] (DE# 274, 1/22/10); Defendant Steven Steiner's Notice of Joinder in Defendant McNerney's Motion to Dismiss and Strike All Allegations of "Concealment" in the Indictment and Memorandum of Law [DE 268] (DE# 275, 1/22/10); Defendant Steinger's Notice of Joinder in Defendant McNerney's Motion to Dismiss and Strike All Allegations of "Concealment" in the Indictment, and Memorandum of Law [DE 268] (DE# 278, 1/22/10).

[2] Defendant Steven Steiner had an opportunity to brief this motion but did not have an opportunity to argue the motion due to a conflict that has arisen between defendant Steiner and his counsel. At the September 26, 2011 hearing, the Court stated that it will permit defendant Steiner to file new motions concerning the issues addressed at the September 26, 2011 hearing once the conflict is resolved or Mr. Steiner obtains new counsel.

whether a duty to disclose information exists must be made on a case by case basis, with appropriate attention given to the nature of the transaction and the relationship between the parties." More recently, the Eleventh Circuit has stated that "[t]he duty to disclose is a general one, and arises whenever a disclosed statement would be misleading in the absence of the disclosure of additional material facts' needed to make it not misleading." United States v. Bachynsky, 415 Fed. Appx. 167, 172 (11th Cir. 2011) (citing S.E.C. v. Fehn, 97 F.3d 1276, 1290 n. 12 (9th Cir.1996); brackets and internal quotation marks omitted, emphasis deleted). The government has proffered that all the remaining defendants had direct contact with potential investors. Here, allegations of concealment are properly alleged in the Indictment in light of the relationship between the defendants and the investors.[3]

DONE AND ORDERED, in Chambers, at Miami, Florida this **26th** day of September, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Jordan
All counsel of record

---

[3] Should the government not be able to establish the appropriate relationship between the parties at trial, the defendants may see fit to readdress this issue before the case is submitted to the jury.