UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21158-Cr-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

STEVEN STEINER, et al.,

    Defendants.
_____/

## ORDER REGARDING BOND FORFEITURE;
## ORDER DENYING BOND AND PRETRIAL RELEASE

THIS MATTER is before the Court on the United States of America's Renewed Motion for Final Judgment of Forfeiture of Appearance Bond Against Steven Steiner [ECF No. 567]; Defendant Steven Steiner's Motion to Set Aside Order Revoking, Estreating, and Forfeiting Bond and to Grant Bond and Pretrial Release [ECF No. 539]; Surety Caryn Stark's Petition to Set Aside Bail Forfeiture [ECF No. 534]; Surety Lee Adams Sculley's Petition to Set Aside Bail Forfeiture [ECF Nos. 487, 516]; and the Letter Request by Guardian Kathryn C. Allen, on Behalf of Surety Suzanne Throgmartin, to Set Aside Forfeiture [ECF No. 560]. A hearing on these and other motions was held on January 23, 2012, at which time the Court announced its ruling after careful consideration of argument by all effected parties. This written Order follows.

Pursuant to Federal Rule of Criminal Procedure 46 and 18 U.S.C. § 3148(b), the Court determines that there is both probable cause to believe that Defendant Steiner has committed a felony and clear and convincing evidence that he has violated specific conditions of release while on bond. The Court also determines that based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will provide assurance that Defendant Steiner will not flee, and the Court further finds that Defendant Steiner is unlikely to abide by any condition or combination of conditions of release.

The prior conditions of bond expressly prohibited Defendant Steiner from selling any property. It is undisputed, however, that Defendant Steiner sold his New York apartment while on bond, in violation of this prohibition. The conditions of bond also prohibited Defendant Steiner from leaving the District without express approval, and from residing anywhere but his Fort Lauderdale residence. The Court specifically finds that Defendant Steiner violated these conditions of bond by traveling without permission to Fort Myers, which is outside of this District, and by staying for extended periods at Ms. Sculley's residence in Palm Beach. Indeed, as to this latter violation, the Court also takes into account Defendant Steiner's lack of candor with Court. When questioned during the hearing about how many nights he had spent at Ms. Sculley's residence over an approximately thirty-day period in July/August 2011, Defendant Steiner's attorney, after consulting with Steiner, represented that it was no more than four to five. Yet, when this same question was put to Ms. Sculley, she answered around eighteen to twenty nights. The Court credits Ms. Sculley's testimony in this regard, and finds that Defendant Steiner was not honest with the Court in contending otherwise.

For these reasons and as stated on the record at the hearing, the Court holds that Defendant Steiner is not entitled to further pretrial release on bond. Having utterly failed to abide by the terms of his prior bond, he cannot expect the Court to grant him release again. *See United States v. Torres*, 2009 WL 1956233 (S.D. Fla. July 7, 2009) (ordering pretrial detention where defendant violated terms of bond); *see also* 18 U.S.C. 3148(a) ("A person who has been released [pending trial], and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.").

In addition, the Court finds that the Government is entitled to a final judgment of forfeiture against Defendant Steiner for these bond violations in the amount of $500,000 for the ten percent bond and $3,000,000 for the personal surety bond. *See Brown v. United States*, 410 F.2d 212, 218 (5th Cir. 1969) ("a district judge has the power to declare a forfeiture of bond for breach of travel restrictions imposed as a condition of release on bail"); *United States v. Balbuena*, 2009 WL 87413 (M.D. Fla. Jan. 13, 2009) (ordering bond forfeiture where defendant violated conditions of pretrial release); *see also United States v. Vaccaro*, 51 F.3d 189, 192-93 (9th Cir. 1995) ("Various courts have held that forfeiture of bail bond is appropriate for violations of other conditions of release.").

The Court also finds that the sureties, Ms. Sculley, Ms. Stark, and Ms. Throgmartin, were aware of the conditions of bond and aware that bond could be subject to forfeiture for Defendant Steiner's violations. Thus, due to the bond violations stated above, the money these sureties provided for bond is subject to forfeiture here. *See United States v. Gonzalez*, 2011 WL 4537132, at *1 (11th Cir. Oct. 3, 2011) ("Rule 46 states that the court must declare the bail forfeited if a condition of the bond is breached.").

Nevertheless, Federal Rule of Criminal Procedure 46(f)(2) permits the Court to set aside a bond forfeiture as to any sureties, if the Court determines that justice does not require such forfeiture. *See Gonzalez*, 2011 WL 4537132, at *1 (district court has "virtually unbridled discretion" in dealing with matters of bond forfeiture under Fed. R. Crim. P. 46(f)(2) and (f)(4)); *United States v. Diaz*, 811 F.2d 1412, 1415 (11th Cir. 1987) (same).

Here, the Court determines that the Government is entitled to a final judgment against Ms. Sculley as to the ten percent bond in the amount of $500,000. If Ms. Sculley pays $50,000 within thirty days, however, then the forfeiture is remitted to that lesser amount. *See Brown*, 410 F.2d at 218 ("Rule 46(f)(4) provides that a court may remit all or part of a forfeiture in the interest of justice. Imposition of forfeiture and remission are matters vested in the sound discretion of the district court."). As to Ms. Stark, the Court finds that the Government is entitled to a final judgment on the personal surety bond in the amount of $500,000. If Ms. Stark pays $10,000 within thirty days, however, then the forfeiture shall be remitted to that lesser amount. Finally, as to Ms. Throgmartin, the Court finds no forfeiture appropriate, given her current health and incapacity and the apparent state of her finances.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Government's Renewed Motion for Final Judgment of Forfeiture of Appearance Bond Against Steven Steiner [ECF No. 567] is **GRANTED**. The Government is awarded a final judgment against Defendant Steiner in the amount of $500,000 for the ten percent bond and $3,000,000 for the personal surety bond, together with interest and costs. The amount of this judgment is subject to offset based upon the amounts forfeited by the sureties.

2. Defendant Steven Steiner's Motion to Set Aside Order Revoking, Estreating, and Forfeiting Bond and to Grant Bond and Pretrial Release [ECF No. 539] is **DENIED**. Defendant

Steiner has violated specific conditions of his bond; therefore, he is not entitled to relief from forfeiture, nor to further pretrial release.

3. Surety Caryn Stark's Petition to Set Aside Bail Forfeiture [ECF No. 534] is **DENIED**. The Government is entitled to a final judgment against Ms. Stark in the amount of $500,000, said judgment being subject to remission if, within thirty days, Ms. Stark surrenders to the Court Registry $10,000.

4. Surety Lee Adams Sculley's Petition to Set Aside Bail Forfeiture [ECF Nos. 487, 516] is **DENIED**. The Government is entitled to a final judgment against Ms. Sculley in the amount of $500,000, said judgment being subject to remission if, within thirty days, Ms. Sculley deposits with the Court Registry $50,000.

5. The Letter Request by Guardian Kathryn C. Allen, on behalf of her sister Suzanne Throgmartin, to Set Aside Forfeiture [ECF No. 560] is **GRANTED**. Given Ms. Throgmartin's incapacitation and financial condition, the Court finds that justice does not require forfeiture.

**DONE and ORDERED** in chambers, at Miami, Florida, on January 24, 2012.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Via CM/ECF
Counsel for USA and Defendant Steiner

Via E-Mail
Counsel for Henry Fecker III at defend1@bellsouth.net
Counsel for Surety Lee Adams Sculley at info@ferrarolawgroup.com
Counsel for Surety Caryn L. Stark at ohlelaw@aol.com

Via U.S. Mail
Surety Suzanne Throgmartin
c/o Kathryn C. Allen, Guardian
2434 Ceresa Lane
Colorado Springs, CO 80909