UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21158-Cr-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

STEVEN STEINER, et al.,

    Defendants.
_____/

## ORDER GRANTING TEMPORARY STAY OF
## INTERLOCUTORY SALE OF FORT LAUDERDALE PROPERTY

THIS MATTER is before the Court on the Emergency Motion to Stay Sale of Fort Lauderdale and Maine Properties [ECF No. 648], filed on behalf of Defendant Steven Steiner by his newly-appointed CJA counsel. As set forth below, the Court will temporarily stay the prior Order [ECF No. 623] authorizing the interlocutory sale of the Fort Lauderdale property.[1]

Following a hearing and careful consideration of the parties' arguments and the pertinent legal authorities, the Court previously determined that the Government should be authorized to conduct an interlocutory sale because:

> Defendant Steiner's Fort Lauderdale property is wasting and depreciating due to his present inability to make mortgage payments and pay property taxes. This is so regardless of the protective order in place, which prevents an imminent foreclosure, because the property will be accruing penalty interest, back taxes, and otherwise be diminishing in value between now and the time of trial, directly due to Defendant Steiner's inability to maintain it. In addition, Defendant Steiner admitted to the Court that he has failed to maintain any property insurance coverage on the home, including windstorm coverage. Given the risk of hurricane damage in South Florida, it is untenable for the Court to permit this home to go another year, until the beginning of trial, in such a state.

---

[1] Although the Emergency Motion states that the Court also authorized the interlocutory sale of the Camden, Maine vacation home titled to Henry Fecker III, that is incorrect. As the Order indicates, the Court denied without prejudice the Government's request for an interlocutory sale of the Maine residence, finding it more appropriately suited for resolution before Judge Williams where Mr. Fecker is a defendant. *See* Order at 2-3, ¶ 11. Thus, only the sale of the Fort Lauderdale property is presently at issue.

*See* Order at 2. Thus, the Court found good cause for an interlocutory sale of the Fort Lauderdale home in order to prevent wasting and diminution in value, and to otherwise preserve the value of the property for the benefit of Defendant if acquitted, or fraud victims if convicted.

The Order provided the Defendant until today, February 23, 2012, to possibly avoid this Order of interlocutory sale by providing specific assurances:

> a) that the mortgage and property taxes on the Fort Lauderdale home will be paid in timely fashion, from the present until the conclusion of trial next year; b) that any currently overdue or unpaid mortgage payments and/or property taxes will be promptly satisfied; c) that homeowner's insurance, including windstorm coverage, for the property has been, or promptly will be, procured and maintained until the conclusion of trial next year; and d) that the property and premises will be fully and properly maintained from the present until the conclusion of trial next year.

*See* Order at ¶ 10. If the Defendant failed to provide said assurances, the Government was authorized without further order of court to market and sell the Fort Lauderdale property. Thus, beginning today, February 23, 2012, the property is subject to interlocutory sale.

Defendant's new CJA counsel requests a stay of this Order in light of his recent appointment and in order to permit him time to review the hearing transcript and "to determine whether there are new issues that the Court should consider before finally granting the government's motion." *See* Mot. at ¶¶ 3-4. In light of counsel's recent appointment and given that he was not party to the hearing at which the Court considered whether to order sale of the Fort Lauderdale property, the Court finds it appropriate to grant a brief stay of the Order.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Emergency Motion for a Stay is **GRANTED**. The Court's prior Order authorizing the interlocutory sale of the Defendant's Fort Lauderdale property is stayed until **March 2, 2012 at 12 o'clock noon**.

2. The Order authorizing sale will again take full effect beginning on **March 2, 2012 at 12 o'clock noon**, unless Defendant is able to provide the specific assurances set forth in paragraph 10 of the Court's prior Order, or unless counsel can present other compelling legal justification for further stay of the Order.

**DONE and ORDERED** in chambers at Miami, Florida on February 23, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:* counsel of record