# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 08-cr-21158-RNS

UNITED STATES OF AMERICA,

vs.

JOEL STEINGER, et al.,

      Defendants.
_____/

## NON-FINAL ORDER ON MICHAEL STEINGER'S MOTION TO SET ASIDE FORFEITURE OF JOEL STEINGER'S APPEARANCE BOND

THIS MATTER is before the Court on Michael Steinger's Motion to Set Aside the Revocation, Estreature and Forfeiture of Joel Steinger's $500,000 Ten Percent Deposit Bond and to Nullify the Final Judgment of Forfeiture of the Ten Percent Bond and the $50,000 Deposit [ECF No. 713]. The Court held a hearing on this Motion on September 6, 2012, at which time it received argument from Michael Steinger, through counsel, and the Government.

Third-party Michael Steinger, son of Defendant Joel Steinger, moves pursuant to Federal Rule of Criminal Procedure 46, to set aside the forfeiture of Defendant's ten percent appearance bond and the $50,000 posted in the Court Registry. In short, Michael Steinger seeks the return of the $50,000 he deposited with the Court on the Defendant's appearance bond that was forfeited after Defendant violated the law. Michael Steinger was not a surety and did not sign onto, and agree to be bound by, all the conditions of Defendant's bond.

Federal Rule of Criminal Procedure 46(f)(2) permits the Court to set aside a bond forfeiture, if the Court determines that justice does not require such forfeiture. *See United States v. Gonzalez*, 2011 WL 4537132, at *1 (11th Cir. Oct. 3, 2011) (district court has "virtually unbridled discretion" in dealing with matters of bond forfeiture under Fed. R. Crim. P. 46(f)(2) and (f)(4)); *United States v. Diaz*, 811 F.2d 1412, 1415 (11th Cir. 1987) ("district judge [has] virtually unbridled discretion in granting motions to remit bond forfeiture," and "[h]is decision may only be overturned upon a finding of arbitrary and capricious abuse of discretion").

As a preliminary matter, the Government argues that Michael Steinger lacks standing to obtain a set aside of the forfeiture. As announced at the conclusion of the hearing, however, the Court rejects this argument. If the $50,000 belonged to (that is, was the property of) Michael

Steinger, as opposed to the Defendant or someone else, then he has a sufficient stake to confer standing. It makes no sense to say that someone has no standing to seek the return of his own money that was forfeited, where it was made known to the Magistrate Judge who set the bond that Michael Steinger would be paying the $50,000 on behalf of his father.

The Court nonetheless agrees with the Government that there is insufficient evidence in the record at this point to definitely know whether the $50,000 "belonged to" Michael Steinger, or whether it was merely "posted by" him. This distinction matters. Plainly, if the money was his father's and not his, then he does not have standing to complain and he would not be entitled to its return.

In order to get to the bottom of this issue, as announced in open court, Michael Steinger shall be tasked with demonstrating the money was his and not his father's. If he is able to do so, the Court will enter an Order setting aside the forfeiture and requiring the return of the $50,000.

Accordingly, consistent with the ruling made in open court, it is hereby **ORDERED and ADJUDGED** as follows:

1. By **October 14, 2012**, Michael Steinger shall marshal any documentary evidence necessary to show that the $50,000 was his own money and shall tender such evidence to the Government for its review and consideration.

2. If the Government is satisfied with the evidence, the parties shall notify the Court and the Court will promptly enter an Order granting Michael Steinger's Motion and requiring the return of the $50,000 to him, notwithstanding the Government's objections to such relief.

3. If the Government is *not* satisfied with the evidence, then the Government shall promptly arrange for a deposition of Michael Steinger.

4. If, after the deposition, the Government is still not convinced that the money belonged to Michael Steinger, the parties shall appear before the Court for a hearing on **October 18, 2012 at 9 a.m.** to present evidence bearing of the source of the $50,000 at issue.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 6, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of Record;
Counsel for Michael Steinger